IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED

OCT - 4 2005

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. 2:05CR241-T |
| v. | ) | [21 USC 841(a)(1), |
| | ) | 21 USC 843(b), |
| ROBERT BARBER, a/k/a/, | ) | 18 USC 924(c)] |
| "GATOR" | ) | |
| | ) | **INDICTMENT** |

The Grand Jury charges that:

## COUNT 1

On or about the 27th day of September, 2005, in Montgomery County, within the Middle District of Alabama, the defendant,

ROBERT BARBER, a/k/a,
"GATOR,"

did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 2

On or about the 27th day of September, 2005, in Montgomery County, within the Middle District of Alabama, the defendant,

ROBERT BARBER, a/k/a,
"GATOR,"

did knowing and intentionally use a communication facility, to wit: the United States Mail, in committing, causing and facilitating the commission of the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21,

United States Code, Section 843(b).

## COUNT 3

On or about the 27th day of September, 2005, in Montgomery County, within the Middle District of Alabama, the defendant

ROBERT BARBER, a/k/a,
"GATOR,"

did knowingly use and carry a Ruger P89, 9mm pistol, serial number 307-04904; a Derringer .22 caliber pistol, serial number 726880; and a Ruger "Ranch Rifle," .223 caliber semi-automatic assault rifle, serial number 188-65741 during and in relation to a drug trafficking offense as charged in Count 1 herein, and did possess said firearms in furtherance of, a drug trafficking offense charged in Count 1 herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION-DRUGS

A.   Counts 1 through 3 of this indictment are hereby repeated and incorporated herein by reference.

B.   Upon conviction for violation of Title 21, United States Code, Section 841(a)(1) as alleged in Count 1 of this indictment, the defendant,

ROBERT BARBER, also known as, "GATOR",

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 1 of this indictment, including but not limited to the following:

**Six Thousand Dollars ($6,000) in United States currency**

seized on September 27, 2005 from Robert Barber.

C. If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

All in violation of Title 21, United States Code, Section 841.

## FORFEITURE ALLEGATION-FIREARMS

A. Counts 1 through 3 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for the violation of Title 18, United States Code, Section 924(c)(1)(A), as alleged in Count 3 of this indictment the defendant,

ROBERT BARBER, also known as, "GATOR",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense including, but not limited to, the following:

One Ruger P89, 9mm pistol, serial number 307-04904;

One Derringer .22 caliber pistol, serial number 726880; and,

**One Ruger "Ranch Rifle", .223 caliber semi-automatic assault rifle, serial number 188-65741.**

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described in Paragraph B above.

All in violation of Title 18, United States Code, Section 924.

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
United States Attorney

_____
JOHN T. HARMON
Assistant United States Attorney

_____
A. CLARK MORRIS
Assistant United States Attorney