IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:05cr241-T |
| ROBERT BARBER | ) | (WO) |

<u>ORDER</u>

This case is now before the court on defendant Robert Barber's unopposed motion to continue trial. In light of the fact that the government has no objections to the continuance motion and for the reasons set forth below, the court concludes that the continuance motion should be granted.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir.), <u>cert. denied</u>, 479 U.S. 823 (1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C.A. § 3161. The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a

> defendant charged in an ... indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C.A. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... the reasonable time necessary for effective preparation." § 3161(h)(8)(B)(iv).

The court concludes that, in this case, a continuance is necessary because the parties have agreed that Barber will be debriefed by government agents. If Barber provides useful information to the government, Barber and the government will then negotiate a plea agreement in

2

which Barber will agree to plead guilty to the charge in the indictment. It is unlikely these negotiations will be concluded prior to December 5, 2005, when trial is scheduled to commence. Thus, the ends of justice served by granting a continuance outweigh the interest of the public and Barber in a speedy trial. In addition, Barber has filed a waiver of his speedy trial rights.

Accordingly, it is ORDERED as follows:

(1) Defendant Robert Barber's motion to continue (Doc. No. 19) is granted.

(2) Defendant Barber's trial and jury selection are continued to the criminal term of court commencing February 13, 2006, before Judge L. Scott Coogler.

DONE, this the 16th day of November, 2005.

                                      /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE